## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | | |
|---|---|---|
| CANDACE MARQUARDT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CASE NO. |
| v. | ) | |
| | ) | |
| D&W FINE PACK, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

### COMPLAINT AND JURY DEMAND

Plaintiff, Candace Marquardt, by counsel, alleges as follows against Defendant, D&W Fine

Pack, LLC:

### I. NATURE OF ACTION

1. Mrs. Marquardt brings this action for damages against Defendant for the discriminatory
   and intentional harassment and termination she suffered in her employment on the basis of
   her disabilities in violation of Title I of the Americans with Disabilities Act ("ADA"), 42
   U.S.C. §§ 12101-12117; 29 C.F.R. §§ 1630.1-1630.16, and for the retaliatory termination
   to which she was subject in violation of public policy for her refusal to commit illegal acts
   for her employer for which she could be personally liable, *McClanahan v. Remington
   Freight Lines, Inc.*, 517 N.E.2d 390 (Ind. 1988).

### II. PARTIES

2. Plaintiff is Candace Marquardt.   Mrs. Marquardt is a U.S. citizen and resident of Delaware
   County, Indiana.   Mrs. Marquardt is a qualified employee with mental impairments
   including post-traumatic stress disorder, severe anxiety, and depressive disorder that
   constitute disabilities, perceived disabilities, or a record of impairment and substantially

limit her major life activities including thinking and concentrating and substantially limit major bodily functions including neurological activities.

3. Defendant is D&W Fine Pack, LLC.   Defendant is an employer within the meaning of the ADA, employs fifteen or more individuals throughout each week of the current preceding calendar year, and is responsible under the ADA for providing a work environment free from discrimination, harassment, and retaliatory misconduct.   Defendant is a company doing business in Indiana at 7707 Vicksburg Pike, Fort Wayne, IN 46804 and is headquartered at 1900 Pratt Blvd., Elk Grove Village, IL 60007.

### III. FACTS

#### A. BACKGROUND TO DISCRIMINATION, RETALIATION, & TERMINATION

4. In April 2015, Mrs. Marquardt began work with Defendant as a quality manager at Defendant's Fort Wayne, Indiana plant.   Defendant is a supplier of containers for restaurants, supermarkets, and other food industry commerce.

5. As a quality manager, Mrs. Marquardt was responsible for ensuring the consumer food container products shipped from Defendant's plant across state lines were safe for delivery, receipt, and consumer use.   *See, e.g.*, 15 U.S.C. §§ 2069-70;[1] 21 U.S.C. § 333.[2]

6. Shortly after beginning her employment, Mrs. Marquardt notified Defendant's human resources department of her disabilities and her need for accommodations at work.

7. Mrs. Marquardt specifically notified Defendant's human resources department and human resources manager that if she was subject to undue anxiety at work, she might suffer severe panic attacks and the exacerbation of her mental disabilities.

---

[1] Civil penalties for violations of the Consumer Product Safety Act include fines of up to $100,000 for each offense. Criminal penalties for violations of the Act include imprisonment of up to five years.
[2] Civil penalties for violations of the Federal Food, Drug, and Cosmetic Act include fines of up to $1,000 for each offense.   Criminal penalties for violations of the Act include imprisonment for up to one year.

8. Mrs. Marquardt thereafter regularly notified Defendant's human resources manager of the effect the work environment was having on her and her disabilities.

## B. REPORTS OF SAFETY & CONSUMER ISSUES

9. In or about November 2015, Mrs. Marquardt began to note and report serious safety, health, and consumer issues at the plant for which, if continued and not corrected, she could be personally liable.

10. These serious safety, health, and consumer issues that Mrs. Marquardt reported directly to Defendant included:

    a. Lack of inspection of trailers carrying products interstate to consumers for food industry use;

    b. Mislabeled consumer products to be sold and provided to consumers for food industry use;

    c. Inadequate safety inspections of consumer food products and delivery and production lines;

    d. Failure to require Defendant's employees, including those whom she supervised, to outfit in safe and sanitary clothing, including in instances where employees encountered machine fires and melting plastics; and

    e. Failure to require employees to properly lock out and tag out machinery used to package and ship consumer products to be sold for food industry use and consumption.

## C. RETALIATION FOR REPORTS OF SAFETY & CONSUMER ISSUES

11. In response to Mrs. Marquardt's safety, health, and consumer concerns, Defendant told her to "keep your mouth shut."

3

12. Mrs. Marquardt, however, as was her professional and legal duty, continued to report concerns about safety, health, and consumer issues for which she could be held responsible and liable and, further, refused to continue and hide these issues as ordered by Defendant.

13. In response to Mrs. Marquardt's refusal to follow orders to be complicit in the safety, health, worker, and consumer violations, Defendant began "coaching" Mrs. Marquardt in an attempt to silence her and convince her to be complicit in its wrongdoing.

14. Defendant engaged in this series of retaliation knowing that its harassment and continued violation of health and safety regulations for which Mrs. Marquardt could be liable was reckless and discriminatory and would exacerbate her disabilities and cause her extreme anxiety and trauma.

<u>D. NERVOUS BREAKDOWN & ATTEMPTED SUICIDE<br>AS A RESULT OF DEFENDANT'S RETALIATION & HARASSMENT</u>

15. On or about August 21, 2016, as the direct and proximate cause of Defendant's wrongdoing, retaliation, discrimination, and harassment, Mrs. Marquardt suffered a nervous breakdown and attempted to commit suicide.

16. The following day after her attempted suicide, Mrs. Marquardt notified Defendant of her injuries.

17. Mrs. Marquardt specifically notified Defendant's human resources department of her attempted suicide that was caused by the discrimination, anxiety, and panic she suffered at work.

18. Mrs. Marquardt was hospitalized as a result of the attempted suicide.  She sought further treatment from a psychiatrist and was prescribed additional medication.

19. Defendant responded to the report of her suicide by inquiring into the specific method of her attempted suicide and thereafter until the time of her termination describing and

labeling her as "volatile."

### E. CONTINUING RETALIATION & HARASSMENT AFTER ATTEMPTED SUICIDE

20. When Mrs. Marquardt returned to work with Defendant in August 2016, Defendant continued to harass her despite her exacerbated mental impairments and pursued a campaign of retaliation against her in order to intimidate her into silence and complicity and create a bogus record of discipline for the purpose of unlawfully and discriminatorily terminating her.

21. Mrs. Marquardt, as was her duty, continued to report safety violations and refuse to be complicit in wrongdoing for which she could be personally liable through the time of her termination.  This included Mrs. Marquardt's refusal to hide workplace and consumer health violations from Defendant's safety auditors.

### F. DEFENDANT'S DISCRIMINITORY & RETALIATORY TERMINATION OF PLAINTIFF

22. On November 9, 2016, Defendant discriminatorily terminated Mrs. Marquardt's employment.

23. The proffered and pretextual reason Defendant gave for the termination was that Mrs. Marquardt "didn't fit the culture" of the plant.

24. On November 10, 2016, the day following her termination, Defendant drafted a bogus termination memorandum in order to provide a pretextual reason for the termination should it be necessary to produce at a later date.

### G. PRE-SUIT EXHAUSTION

25. On March 3, 2017, Mrs. Marquardt filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination and retaliation.  *See* Charge No. 470-2017-01260.  This Charge is attached and incorporated

into this Complaint as Exhibit A.

26. On August 31, 2017, the EEOC issued Mrs. Marquardt her Notice of Right to Sue.   This

Notice is attached and incorporated into this Complaint as Exhibit B.

27. Mrs. Marquardt timely files this action.

## IV. CLAIMS FOR RELIEF

### AMERICANS WITH DISABILITIES ACT, TITLE I
42 U.S.C. § 12117

28. Based on the facts above, Mrs. Marquardt states that she is an individual with mental

impairments, perceived impairments, or a record of impairments within the meaning of

the ADA, that she was qualified to perform the essential functions of her employment

with reasonable accommodations, and that she suffered harassment, retaliation,

discrimination, and termination because of Defendant's wrongdoing against her.

29. As a result of Defendant's intentional, willful, malicious, and wanton wrongdoing, Mrs.

Marquardt suffered loss of employment, lost wages and benefits, emotional distress and

mental anguish, and other damages and injuries.

30. Mrs. Marquardt is entitled to seek compensatory damages, punitive damages, back pay,

front pay, and reasonable attorney fees and costs against Defendant because of its

intentional, wrongful, and unlawful actions in violation of the ADA.   *See* 42 U.S.C. §

12117(a).

### UNLAWFUL RETALIATORY DISCHARGE
*MCCLANAHAN* STATE PUBLIC POLICY CLAIM

31. Based on the facts above, Mrs. Marquardt states that she had a duty not to commit certain

illegal acts Defendant ordered her to commit, that she could have been held personally

liable for committing such acts, and that she was discharged in violation of state policy

6

for this refusal to commit acts and omissions for which she could be personally liable. *McClanahan v. Remington Freight Lines, Inc.*, 517 N.E.2d 390 (Ind. 1988).

32. As a result of Defendant's intentional, willful, malicious, and wanton wrongdoing, Mrs. Marquardt suffered loss of employment, lost wages and benefits, emotional distress and mental anguish, and other damages and injuries.

33. Mrs. Marquardt is entitled to seek compensatory damages, punitive damages, back pay, and front pay against Defendant because of its intentional, wrongful, and unlawful actions in violation of state law and policy.  *See Carriage, Inc. v. Berna*, 651 N.E.2d 284, 289-90 (Ind. Ct. App. 1995); *Remington Freight Lines, Inc. v. Larkey*, 644 N.E.2d 931, 942 (Ind. Ct. App. 1994).

## V. PRAYER FOR RELIEF

Wherefore, Mrs. Marquardt respectfully requests the Court:

A.  Award her compensatory and punitive damages;

B.  Award her attorney's fees, legal costs, and litigation expenses, including expert witness fees, 42 U.S.C. § 12205; and

C.  Grant all other just and proper relief.

## JURY DEMAND

Mrs. Marquardt demands a trial by jury in this action pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Respectfully,

**CHRISTOPHER C. MYERS & ASSOCIATES**


/s/ David W. Frank
David W. Frank, #31615-02
Lori W. Jansen, #19417-57
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone: (260) 424-0600
Facsimile: (260) 424-0712
Email: dfrank@myers-law.com
Counsel for Plaintiff

DF/